IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NAKESHIA "NIKKI" JONES,<br><br>Plaintiff,<br><br>v.<br><br>INDUSTRY ONE, MOBILE, INC., and KEVIN DENNIS,<br><br>Defendants. | Case No.: 19-cv-01023-JB-M<br><br>HON. JEFFREY U. BEAVERSTOCK<br><br>MAG. JUDGE BERT W. MILLING, JR. |

## **PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD INDUSTRY ONE, INC. AS A DEFENDANT**

NOW COMES PLAINTIFF, Nakeisha "Nikki" Jones, by and through her attorneys, CARLA D. AIKENS P.L.C., and for her Motion to Amend Complaint to Add Industry One, Inc. As A Defendant., states as follows:

1. Plaintiff filed this action against Defendants seeking redress for violations of civil rights related to her employment. [ECF No. 1]

2. Plaintiff was represented by other counsel in this matter prior during the proceedings leading up to her obtaining a default judgment against Defendants.

3. On March 16, 2021, after the Court had entered a scheduling order in this matter, counsel for Defendants' moved to withdraw as counsel, citing a breakdown in communications with Defendants. [ECF No. 38]

4. In the motion, Defendants then-counsel stated that the contact information for Defendant Industry One, Mobile, Inc. was:

      Industry One, Mobile, Inc.
      Contact: Frankie Bildner, General Manager

>   5455 Corporate Drive, Suite 204
>   Troy, MI 48098
>   Ph. (248) 731-1780
>   fbildner@industryone.net

5. On June 1, 2021, this Court entered default against Defendants. [ECF No. 48]

6. On October 13, 2022 [ECF No. 60], this Court entered default judgment, jointly and severally, as to Defendants Industry One, Mobile, Inc. ("Industry One Mobile") and Kevin Dennis in the amount of $1,173,409.27

   consisting of:

   a. Compensatory and Punitive damages in the amount of ONE MILLION ONE HUNDRED TWENTY ONE THOUSAND EIGHT HUNDRED TWENTY FOUR DOLLARS AND FIFTY ONE CENTS ($1,122,232.51) [ECF No. 58];

   b. Attorney fees in the amount of $45,162.50. [ECF No. 57]; and

   c. Costs and expenses in the amount of $6,014.26 [ECF No. 56, 57].

7. Plaintiff's counsel was contacted by another law firm in Alabama who advised that an asset search revealed that all assets of Industry One Mobile are owned, operated or controlled by the Industry One entity in Michigan, and that Industry One Mobile, an Alabama entity, does not maintain any assets nor true operations in Alabama.

8. Given the appearance of Michigan counsel, Peterson & Calunas, PLLC, in this matter for Defendants, and the listing of Industry One, Inc.'s general manager as the contact for Defendants when Defendants' counsel moved to withdraw from this matter, it appears that Defendant assets and operations are in Michigan.

9. Though Defendant Industry One Mobile, Inc. did not disclose the relationship in its corporate disclosures [ECF No. 16], it is apparent that it is run by either Industry One, Inc. or Industry One 1 LLC, both of which are Michigan entities.

10. Both Industry One, Inc. and Industry One 1 LLC are Michigan entities which have as their registered agent James Schneider, and a corporate address at 5455 Corporate Dr., Suite 204, Troy, MI 48098. **Exhibit A – Michigan Business Filings for Industry One, Inc**.

11. James Schneider is also listed as the President of Industry One, Inc. *Id.*

12. The Industry One website lists the Mobile, AL location. **Exhibit B – Industry One "About" Page with Locations**; http://industryonemanpower.com/janitorial-contracting/ (last visited May 9, 2024).

13. Though Industry One Mobile shows an address on file with the Secretary of State in Alabama, the mailing address is listed in Bloomfield Hills, Michigan, with James Schneider – with a Michigan address – again as the President. **Exhibit C – Alabama SOS Record for Industry One, Mobile, Inc**.[1]

14. Further, Industry One Mobile's annual report filed in 2024 indicates that the business' corporate address is the same Michigan address for Industry One, Inc.

15. Plaintiff has attached additional proofs showing that Industry One, Inc. is the main business.

16. First, Plaintiff has attached a search of a database that was conducted regarding business associations for James Schneider. **Exhibit D – Schneider Business Associations**.

17. Plaintiff notes that Industry One Mobile is listed here as a Michigan entity along with many other "Industry One" entities. *Id.* at 15-18.

---

[1] The 77 E Long Lake, Bloomfield Hills, Michigan address appears to be that of a law firm in Michigan.

18. A UCC search revealed a filing in Alabama for Industry One Mobile and Industry One, Inc., with the same Michigan corporate address listed with the Alabama Secretary of State. **Exhibit E – UCC Filings**.

19. Industry One Mobile also has associated tax liens across various jurisdictions that indicate that the debtor is "Industry One, Inc." **Exhibit F – Liens**.

20. Pursuant to Fed. R. Civ. P. 15(a), a pleading may be amended to include an additional defendant after a default judgment has been entered, where the intent is to later hold the additional defendant liable for the default judgment under an "alter ego" theory of liability. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 464-66 (2000).

21. Accordingly, Plaintiff requests that the Court permit her to amend her Complaint to add Industry One, Inc. as a defendant, as it is the alter ego of Defendant.

WHEREFORE Plaintiff prays that her motion is granted.

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT AS TO DEFENDANT INDUSTRY ONE, MOBILE, INC.

Under Federal Rule of Civil Procedure 15(a), the Court may amend a pleading to with leave of the court, which should be "freely give[n]…when justice so requires."  As noted, a complaint may still be amended even where a default judgment has been entered. *Nelson*, *supra*, at 464-66. Plaintiff requests that the Court permit her to amend her complaint to hold the true party – Industry One, Inc. – liable for the judgment in this matter, for the reasons stated herein.

### A. Industry One Mobile Operates as an Alter Ego of Industry One, Inc.

The evidence demonstrates that Industry One Mobile does not function as an independent corporate entity. It shares the same attorneys, corporate address, management, and financial infrastructure as Industry One, Inc. Corporate filings, UCC records, and tax liens all link Industry

4

One Mobile directly to Industry One, Inc. (*See* ¶ 9, *supra*; **Exhibits A–F**). The complete overlap in operations and control establishes that Industry One Mobile is a mere instrumentality of Industry One, Inc.

### B. Recognition of Industry One Mobile's Corporate Form Would Promote Injustice

Allowing Industry One Mobile to shield Industry One, Inc., from liability would result in inequitable consequences. Industry One Mobile has no independent assets, employees, or operations in Alabama. It is apparent that it functions solely as a shell to evade liability, as it has no independent functions in Alabama. Alabama courts have consistently pierced the corporate veil in such cases to prevent fraud and injustice. *See Ex parte Thorn, Inc.*, 604 So. 2d 1215, 1217 (Ala. 1992).

### C. Piercing the Corporate Veil Is Necessary to Prevent Fraud

Industry One, Inc. has misused the corporate form to frustrate Plaintiff's ability to enforce the judgment. The commingling of assets, shared management, and failure to maintain corporate separateness are textbook examples of circumstances that justify piercing the corporate veil under Alabama law. *See Amfac Distribution Corp. v. Harrell*, 615 So. 2d 460, 462 (Ala. 1992).

### CONCLUSION

Accordingly, Plaintiff should be permitted to amend her Complaint to include Industry One, Inc. as a defendant, given that it has virtually appeared in this matter already and should not be permitted to avoid liability for its actions, where it runs Defendant's operations.

For the foregoing reasons, Plaintiff respectfully requests that this Court amend the default judgment to include Industry One, Inc., as a judgment debtor, and grant any further relief the Court deems appropriate.

Dated: January 26, 2025                    Respectfully Submitted,

/s/ Carla D. Aikens
CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
carla@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was e-filed with the CM/EC system, on January 26, 2025.

by:   /s/Carla D. Aikens